O’NIELL, Chief Justice
 

 (concurring).
 

 It is necessary to remand this case in order that the appraisers may explain whether they appraised the land (without the building), at $75,000 or appraised it at $75,000 plus the excess of 25% of the value per front foot of the west 60 feet of Tract No. 1. This excess in válue amounts to $4,687.50. Therefore if the appraisers intended to add the excess to the $75,000, the value of the whole tract, having a front of 240 feet, is $79,687.50 (without the building), instead of $75,000. If the appraisers intended that the total value of the land should be $75,000, including the 25% excess value per front foot of the west 60 feet, over the remaining 180 feet, then the excess value of Tract No. 1, which was allotted to T- E. Williams, is $4.412. And the value of the west 60 feet of Tract No. 1 would be $367.65 per front foot, which exceeds by 25% the value per front foot of the remaining 180 feet; the value of which would be $294.12 per front foot.
 

 In any event, the appraisers are mistaken in requiring T. E. Williams to pay all of the difference instead of half of the difference in the value of the two tracts of land. If we assume that the appraisers intended
 
 *40
 
 to add the 25% excess in the value per front foot of the west 60 feet of Tract No. 1 to the $75,000, and thus make the total value of the land $79,687.50, then the difference between the value of Tract No. 1 and the value of Tract No. 2 is $4,687.50 plus the $2,250 value of the building on Tract No. 1, making a total difference of $6,937.50. If that was the intention of the appraisers they should have charged half of this sum, or $3,468.75, to T. E. Williams, and should have credited the $3,468.75 to Mrs. E. M. Williams. On the other hand, if the appraisers meant that the total value of the property was $75,-000 plus $2,250, or $77,250, then T. E. Williams owes Mrs. E. M. Williams only half of the $6,662 difference, or $3,331.
 

 Based on a valuation of $79,687.50 for the 240 feet of land, plus $2,250 for the building, or a total valuation of $81,937.50, the partition should be made as follows:
 

 T. E. Williams, having received Tract No. 1, has received land valued at $42,-187.50 ($23,437.50 being the value of his west 60 feet and $18,750 being the value of his east 60 feet), plus $2,250, being the value of the building on his tract, or a total valuation of $44,437.50. From this should be deducted the $3,468.75 to be paid by him to Mrs. E. M. Williams, leaving to him a net balance of $40,968.75. Mrs. Williams, having drawn Tract No. 2, has received land valued at $37,500 (120 feet at $312.50 per front foot), to which will be added $3,468.75 received from T. E. Williams, or a total value of $40,968.75. Thus each party will receive half of the $79,687.50 value of the land and half of the $2,250 value of the house on the land.
 

 Based on a valuation of only $75,000 for the land plus $2,250 for the building, or a total valuation of $77,250, the partition should be made as follows:
 

 T. E. Williams, having received land valued at $39,706 ($22,059 being the value of the west half of his tract and $17,647 being the value of the east half), plus $2,-.250 value of the building, or a total value of $41,956, should pay to Mrs. Williams $3,331, leaving to him a net balance of $38,625. Mrs. Williams, having received land valued at $35,294 (120 feet at $294.12 per front foot), will receive also $3,331 in money from T. E. Williams, making a total of $38,625. Thus each party will receive half of the $77,250 total value of the property.
 

 The only matter for the appraisers to explain is whether their total appraisement of the property is $81,937.50, or only $77,250. The error of allowing Mrs. Williams all of the difference — instead of allowing her only half of the difference— between the value of the tract of land which she received and the value of that which T. E. Williams received is obvious, and in my opinion ought to be corrected in either event.